IN OPEN COURT
AUG 2 7 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

JACKSON QUENTIN CROCKER,

*Defendant.*

Case No. 1:26-CR-148

**STATEMENT OF FACTS**

The United States and the defendant, JACKSON QUENTIN CROCKER, agree that at trial, the United States would have proven beyond a reasonable doubt and with admissible and credible evidence that between on or about June 2016, and on or about October 28, 2025, in the Eastern District of Virginia, the defendant, JACKSON QUENTIN CROCKER, attempted to and did employ, use, persuade, induce, entice, and coerce a minor, MV1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

The United States and the defendant, JACKSON QUENTIN CROCKER, further agree that at trial, the United States would have proven beyond a reasonable doubt and with admissible and credible evidence that on or about October 28, 2025, within the Eastern District of Virginia, the defendant, JACKSON QUENTIN CROCKER, attempted to and did knowingly possess at least one matter containing a visual depiction that had been transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depiction was produced using materials which had been mailed and so shipped and

transported, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit: sexually explicit videos and images of minors stored on two Western Digital My Book Duo external hard drives (SNs WUBS22081197 and WUBS22080691) (hereinafter, the "hard drives") and an Alienware desktop computer (FBI Evidence No. 1B4). Further, at least one visual depiction involved in the offense involved a prepubescent minor and a minor who had not attained 12 years of age engaging in sexually explicit conduct.

In addition, the United States and the defendant agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Beginning at least in March 2008, the defendant used hidden camera devices to surreptitiously record individuals in the bathroom of his residence. The defendant primarily was interested in capturing minor girls using the bathroom, but he also recorded minor boys and adults. Between 2008 and 2025, the defendant created thousands of these videos, many of which show minor girls removing their clothing, using the toilet, and taking a shower. None of the minors appeared to be aware that they were being recorded.

2. In addition to these hidden camera videos, the defendant created multiple videos of himself masturbating and ejaculating on sleeping minor children at his house. The defendant stored these videos on his two hard drives, which he connected to his Alienware desktop computer in the basement office of his residence in Woodbridge, Virginia.

3. To safeguard his videos, along with other child sexual abuse material (CSAM) he collected from the Internet, the defendant used a BitLocker encryption key to encrypt his operating system, plus separate encryption software to encrypt a hidden partition of the computer. Within this hidden partition, the defendant stored and categorized his hidden camera videos and other

CSAM in various user-created folders, including, for example, "Bad-dad," "Dad-bod," "[redacted]'s eyes-only," "Ugly monster-full," and "WiLife\basement."

**The Defendant's Sexual Exploitation of MV1, MV2, and MV3**

4. The defendant created sexualized videos of MV1 beginning at least when she was 3 years old. For example, in December 2011, when MV1 was three, the defendant used his iPhone to record a nearly 3-minute video of himself repeatedly thrusting MV1 against his groin while he held her buttocks. In the video, MV1 is shown wearing a pink tutu with Tinker Bell underwear. The defendant can be heard grunting throughout the video and at one point adjusts his pants at his crotch.

5. The defendant also stored on his hard drives multiple videos of MV1, then approximately 5-years-old, naked and dancing lasciviously in front of a recording device.

6. In June 2016, when MV1 was 8 years old, the defendant recorded a 22-minute video of MV1 and MV2 (also aged 8) sleeping, while he masturbated and touched his exposed, erect, penis to MV2's leg. The video shows the defendant leaning down and smelling MV2's buttocks and ejaculating on her.

7. In August 2018, the defendant used his iPhone to record a video of MV1 and MV3 (then aged 10 and 9, respectively), sleeping next to each other. The video shows the defendant masturbate and ejaculate on MV3's foot.

8. In July 2022, when she was approximately 14, the defendant made a surreptitious recording of MV1 in his basement bathroom. The video (titled, "MOD_20220708_080250.mov") shows the defendant position the hidden camera in a garbage can next to the toilet. The video then shows the defendant take out his penis and briefly masturbate before he exits the bathroom. Next, the video captures MV1 entering the bathroom, taking down her shorts, thereby exposing her

genitals to the camera, and using the toilet. After MV1 exits the bathroom, the defendant returns and makes a hand gesture toward the hidden camera.

**The Defendant's Sexual Exploitation of MV4**

9. In July 2022, the defendant created a surreptitious recording of MV4, then aged 13, in the basement bathroom of his Woodbridge house. The video shows the defendant installing the hidden camera in a garbage can in the bathroom. Shortly after, the video captures MV4 entering the bathroom, removing all her clothing, and taking a shower. MV4's breasts and vagina are visible before she enters the shower.

**The Defendant's Sexual Exploitation of MV5**

10. In March 2023, the defendant used a hidden camera in his basement bathroom to record MV5, then aged 14, taking a shower. The video shows MV5 enter the bathroom wearing a light blue soccer uniform and black shorts. MV5 then removes all her clothing and takes a shower. MV5's breasts are exposed when she undresses. When MV5 exits the shower, she wraps a towel over her shoulders to dry off. Her breasts and vagina are exposed while she dries off her body.

**The Defendant's Sexual Exploitation of MV6**

11. In December 2021, the defendant used a hidden camera to record MV6, then aged 13, taking a shower in his basement bathroom. The defendant positioned the hidden camera near the toilet, aimed at the shower. The video shows MV6 enter the basement bathroom wearing a black sweatshirt over a light blue soccer uniform and black athletic shorts. MV6 undresses completely, exposing her breasts and vagina to the camera.

**The Defendant's Sexual Exploitation of MV7**

12. In April 2022, the defendant used a hidden camera in his basement bathroom to record MV7, then aged 13, taking a shower in his basement bathroom. The video first captures

the defendant setting up the camera, which he positioned on the bathroom counter near the sink, aimed at the toilet and shower. The video then shows MV7 enter the bathroom, undress completely, thereby exposing her breasts and vagina to the camera, and take a shower. When she exits the shower to dry off, MV7's breasts and vagina are exposed again.

**The Defendant's Sexual Exploitation of MV8**

13. In June 2010, the defendant used a hidden camera in his bathroom to record MV8, then aged 16, taking a shower. The video shows MV8 exiting the shower and drying off with a towel, with her breasts and vagina exposed to the camera.

14. On another occasion, the defendant used a hole in the bathroom ceiling, directly above the shower, to surreptitiously record MV8 taking a shower. The video, which is shaky and appears to have been created by a handheld device, shows MV8 showering with her breasts exposed to the camera.

**The Defendant's Sexual Exploitation of MV9**

15. In March 2008, the defendant used a hidden camera in his bathroom to record a minor male, MV9, then aged 16, taking a shower. The hidden camera was positioned on the bathroom counter near the sink and aimed at the toilet and shower. The video shows MV9 exit the shower, completely naked, with his penis exposed to the camera.

**The Defendant's Sexual Exploitation of MV10**

16. In December 2021, the defendant used a hidden camera in his basement bathroom to record MV10, then aged 13, taking a shower. The defendant positioned the hidden camera near the toilet, aimed at the shower. The video shows MV10 enter the bathroom, remove all her clothing, exposing her breasts and vagina to the camera, and take a shower.

**The Defendant's Sexual Exploitation of MV11**

17. In December 2021, the defendant used a hidden camera in his basement bathroom to record MV11, then aged 13, taking a shower. The defendant positioned the hidden camera near the toilet, aimed at the shower. The video shows MV11 exit the shower, with her breasts and vagina exposed to the camera.

18. The above-described hidden camera videos are only a representative sample of the thousands of hidden camera videos the defendant created and stored on his hard drives. Furthermore, some of the above-described victims appear in multiple hidden camera videos captured by the defendant.

**The Defendant's CSAM Collection**

19. In addition to the hidden camera videos the defendant created and saved on his hard drives, he also used the Internet to collect thousands of visual depictions of minors, some of whom are prepubescent, engaged in sexually explicit conduct, which he then saved to different folders in his hard drives.

20. For example, the defendant saved an image titled, in part, "Childlover_Pthc," which depicts two minor females, one of whom exposes her vagina to the camera. He also saved an image titled, "Mar31021.jpg," which depicts a naked prepubescent minor female lying on her back on a bed. The minor's legs are spread, and an adult man's penis is resting on her vagina. The image appears to be a part of a series of at least nine images which culminate in the minor female's stomach being covered in what appears to be semen. The defendant saved these images in a folder on his hard drive titled, in part, "Ugly Monter-Full\Ugly."

21. In a folder titled, in part, "Bad-Dad\Captures," the defendant saved a video titled, in part, "loli-play." The video depicts a prepubescent minor female exposing her breasts and

vagina to the camera. During the video, the minor girl appears to masturbate and touch her breasts. In a folder titled, in part, "Ugly Monster-Full\Ugly\UGLY-11-11-11\pthc," the defendant saved a video titled, in part, "Bath.avi," which depicts two naked minor girls in a bathtub with an adult man. The minor girls perform oral sex on the adult man and masturbate his penis.

22. The hard drives and Alienware computer were manufactured outside of the Commonwealth of Virginia. Further, the defendant knew that the hard drives and computer contained visual depictions of minors engaged in sexually explicit conduct.

* * * * *

23. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

24. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: August 21, 2026

By: [signature]
Lauren Halper
Jacob Mercer
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JACKSON QUENTIN CROCKER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

JACKSON QUENTIN CROCKER

I am Nina Ginsberg, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Nina Ginsberg
Attorney for JACKSON QUENTIN CROCKER